1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
CHRIS HANSEN,                                       )
                                                    )        Case No. C13-1298RSL
                        Plaintiff,                  )
                                                    )
            v.                                      )
                                                    )        ORDER GRANTING MOTION TO
COMBINED TRANSPORT, INC., *et al.*,                 )        TRANSFER VENUE
                                                    )
                        Defendants.                 )
                                                    )
_____)

          This matter comes before the Court on "Defendants Motion To Transfer Venue

and Supporting Memorandum (28 U.S.C. §§ 1404(a))."  Dkt. # 5.  Having reviewed the

memoranda, declarations, and exhibits submitted by the parties, the Court finds that defendants

have met their burden of showing that the overall convenience of the parties and witnesses, in

the interests of justice, weighs in favor of transferring the above-captioned case to the United

States District Court for the District of Oregon.[1]

                                    **BACKGROUND**

          Plaintiff asserts claims of unpaid wages, breach of contract, breach of the covenant

of good faith and fair dealing, wrongful discharge, and wage claim retaliation against defendants

under Oregon and Washington law.  Dkt. # 1.  Plaintiff brought suit against defendants in King

_____

          [1] The Court finds that this matter can be decided on the papers submitted.  Plaintiff's request for
oral argument is therefore DENIED.

ORDER GRANTING MOTION
TO TRANSFER VENUE

County Superior Court.  Dkt. # 14.  Defendants removed the action to the U.S. District Court for the Western District of Washington.  <u>Id.</u>  Defendants now move to transfer the action to the U.S. District Court for the District of Oregon.  Dkt. # 14.

**DISCUSSION**

**I.  TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

Section 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The moving party has the burden of showing that the overall convenience of the parties and witnesses, in the interests of justice, weighs in favor of transferring the above-captioned case to the United States District Court for the District of Oregon.  <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).

Section 1404(a) is the statutory equivalent of the common law doctrine of *forum non conveniens* where the alternative forum is within the territory of the United States.  <u>Ravelo Monegro v. Rosa</u>, 211 F.3d 509, 512-13 (9th Cir. 2000).  "[T]he central focus of the *forum non conveniens* inquiry is convenience . . . ."  <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 248-49 (1981).  Generally, "a plaintiff's choice of forum should rarely be disturbed.  However, when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case."  <u>Piper Aircraft</u>, 454 U.S. at 241 (citations omitted).

Under both the *forum non conveniens* and venue doctrines, the Court must make an individualized, case-by-case determination of convenience and fairness when considering a change in venue.  <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988).  Factors that may be considered include: "(1) the location where the relevant agreements were negotiated and

ORDER GRANTING MOTION
TO TRANSFER VENUE                    -2-

executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).  Other relevant considerations are (9) the presence of a forum selection clause and (10) the relevant public policy of the forum state.  Id.

**A.  District in Which the Action "Might Have Been Brought"**

There is no real dispute regarding the availability of the District of Oregon as an alternative forum.  The moving party acknowledges that it is subject to personal jurisdiction in that district for purposes of 28 U.S.C. § 1391(b)(2), and plaintiff does not argue that a substantial part of the events giving rise to his claims did not occur in the District of Oregon.  The Court therefore finds that this action could have been brought in the District of Oregon.

**B.  Individualized Determination of Convenience and Fairness**

**1.  Location where relevant agreements were negotiated and executed**

The parties dispute where the majority of the agreement was negotiated. Defendants assert that Mr. Hansen interviewed for the position in Central Point, Oregon, and that the employment agreement was negotiated and executed in Oregon.  Dkt. # 5.  According to plaintiff's declaration, plaintiff negotiated the agreement with defendants from his home in Washington, and did not interview for the position in Oregon.  Plaintiff's Decl., ¶4.  Plaintiff admits to traveling to Oregon to discuss potential employment with defendants.  Id.  Finally, plaintiff asserts that he signed the Letter of Agreement with defendants in Washington, and scanned and emailed the signed copy back to defendants.  Id., at ¶ 5.  Defendants then executed the agreement in Oregon, and emailed a scanned copy of the document back to the plaintiff in Washington.  Id.  The Court finds that the defendants executed the agreement in Oregon and

ORDER GRANTING MOTION
TO TRANSFER VENUE                    -3-

plaintiff in Washington.  Accordingly, this factor does not weigh heavily for or against transfer.

### 2.  Familiarity with governing law

Plaintiff alleged violations of both Washington and Oregon law.  Plaintiff brings seven total claims against the defendants.  Dkt. # 1.  Plaintiff brings five claims under Oregon law and two claims under Washington law.  Dkt. # 1.  It is undisputed that the choice of law (Oregon) was contractually agreed upon by the parties in the Letter of Agreement.  Dkt. # 5.  Accordingly, because the choice of law provision expressly indicates that Oregon law controls, and because plaintiff brings more claims under Oregon law than Washington law, this factor favors transfer to Oregon.

### 3.  Plaintiff's choice of forum

This factor is generally given great weight:  there is a presumption that plaintiff's choice of forum will not be disturbed absent a strong showing that the convenience of the parties and/or the interests of justice warrant a transfer.  Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1180 (9th Cir. 2006).   However, the degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice lacks a significant connection to the activities alleged in the complaint.  Amazon.com v. Cendant Corp., 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005).   Plaintiff resides in Renton, WA, and brought this suit in the Western District of Washington.  Dkt. # 14.   Notwithstanding these facts, plaintiff's claims against defendants do not arise out of defendants' contacts in Washington.  Because the only connection between this lawsuit and the Western District of Washington is that the plaintiff lives in Renton, WA, the Court will afford only slight deference to the plaintiff in finding that this factor weighs against transfer.

### 4.  The parties' contacts with the forum

The only fact plaintiff offers to support the objection to transfer is his residence in

Washington.  A plaintiff's choice of forum is given much less weight when the forum lacks any significant contact with the activities alleged in the complaint. As previously noted, the defendants' business is located in Oregon, the defendants reside in Oregon, and the plaintiff spent some of his employment with defendants in Oregon. Dkt. # 5.  Defendants emphasize the extent of their contacts in Oregon, and the fact that defendants' headquarters and employees are based in Oregon.  Id.  This factor weighs in favor of transfer.

### 5.  Contacts relevant to this dispute

The plaintiff asserts that the contacts relating to his claim of action favor Washington because he negotiated the agreement in Washington, and he spent the majority of his time working for defendants in Washington.  The Court finds that plaintiff's contacts with Oregon are more significant.  Plaintiff sued an Oregon company, an Oregon citizen, under Oregon laws for actions it took in Oregon. Dkt. # 1.  Plaintiff asserts claims for breach of contract for an agreement that is governed by Oregon Law.  Id.  Accordingly, this factor weighs in favor of transfer.

### 6.  Cost of litigation

Generally, litigation costs are reduced when venue is located near most of the witnesses expected to testify or be deposed.  The convenience of the witnesses is often the most important factor when determining which forum would be the most convenient.  Florens Container v. Cho Yang Shipping, 245 F.Supp.2d 1086, 1092 (N.D.Cal.2002).  The court agrees, however, that the parties' respective abilities to absorb the costs of litigation in either district is a relevant consideration.  Peterson v. Nat'l Sec. Techs., LLC, No. 12–CV–5025–TOR, 2012 WL 3264952, at *5 (E.D.Wash. Aug. 9, 2012)(citing Boateng v. General Dynamics Corp., 460 F.Supp.2d 270, 275 (D.Mass.2006) ("[T]he balance of convenience focuses on the comparative financial abilities of the parties and the cost of litigation should be borne by the party in the best position to absorb and spread it.")).

ORDER GRANTING MOTION
TO TRANSFER VENUE                   -5-

The Court finds that defendants bear a relatively higher cost of litigating in Washington than the plaintiff in Oregon.  Defendants indicate that most witnesses for the lawsuit reside in Oregon, and that defendants would have to pay for travel, lodging, and food expenses to employees who appear as witnesses.  Plaintiff has not identified any additional witnesses from Washington.  The "interests of justice" require that the court consider whether financial constraints on either party could unfairly impact the outcome of the case.  Requiring plaintiff to travel to the District of Oregon for trial would essentially shift the added expense onto his shoulders.  Plaintiff, an individual, is less prepared to deal with the additional costs of litigation than a corporation, which undoubtedly factors the anticipated cost of litigation into its operating budget.  Under these specific circumstances, the interests of justice counsel against a transfer. See Decker, 805 F.2d at 843 (denying § 1404(a) transfer where "the transfer would merely shift rather than eliminate the inconvenience").

### 7.  Availability of compulsory process

Federal Rule of Civil Procedure 45(c)(3) provides that a court must, on a timely motion, quash a subpoena issued to any person who resides more than 100 miles away from the location at which he or she has been ordered to appear.  A court's subpoena power only matters if non-party witnesses within the state will likely refuse to testify.  Ahead, LLC v. KASC, Inc., C13-0187JLR, 2013 WL 1747765, at *12 (W.D. Wash. Apr. 23, 2013).  Defendants indicate that there will be non-party witnesses from southern Oregon that are beyond the subpoena power of this Court. Dkt. # 18 at 2.   Plaintiff has not identified any non-party witnesses that live beyond 100 miles from the District of Oregon.  Because defendants have identified non-party witnesses that are beyond the subpoena power of the Western District of Washington, this factor weighs in favor of transfer.

### 8.  Access to sources of proof

This factor favors Oregon.  While plaintiff asserts that the evidence will consist

ORDER GRANTING MOTION
TO TRANSFER VENUE                    -6-

mainly of paper and electronic documents, most of the witnesses reside in Oregon. The Court acknowledges that the "ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations. " See Metz v. U.S. Life Ins. Co. in City of New York, 674 F. Supp. 2d 1141, 1149 (C.D. Cal. 2009)(citation omitted).   Courts have determined, however, that access to sources of proof include access the relevant witnesses. See Ahead, 2013 WL 1747765 at *13 (finding that the location of the relevant witnesses and other sources of proof relevant to discussion of access to sources of proof). Plaintiff acknowledges that the principal witnesses are in Oregon, and accordingly, the Court finds that this factor weighs in favor of transfer.

### 9.  Forum selection clause

A forum selection clause is a significant factor in the court's 1404(a) analysis. Stewart, 487 U.S. at 29; Jones, 211 F.3d at 499. In addition, "when parties specifically agree on contractual choice of law provisions, courts have concluded that these provisions favor transfer." Ahead, 2013 WL 1747765 at *12. The Letter of Agreement has no forum selection clause, but does have a choice of law provision indicating that Oregon law will govern the parties' rights under the contract. See Ex. 1 to Keller Decl. at p.2, Section 7. While a choice of law provision is not as persuasive as a forum selection clause, it still tilts the balance towards transfer. See Silver Valley Partners, LLC v. De Motte, C05-5590 RBL, 2006 WL 2711764, at * 5 (W.D. Wash. Sept. 21, 2006). The parties specifically selected Oregon law to control the agreement, and accordingly, this factor favors transfer to Oregon.

### 10.  Public interest in local adjudication

Public policy factors include the "local interest in having localized controversies decided at home" and deciding cases "where the claim arose." Decker Coal, 805 F.2d 834 at 843. Additionally, states have an interest in providing a forum for their injured residents. See Gordy v. Daily News, L.P., 95 F.3d 829, 836 (9th Cir.1996) (noting that "California maintains a

ORDER GRANTING MOTION
TO TRANSFER VENUE                    -7-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

strong interest in providing an effective means of redress for its residents tortiously injured"). In this case, plaintiff's claim arose in Oregon because this was the place of intended performance of the agreement.  See Decker Coal, 805 F.2d at 842.  Plaintiff felt the effects of defendant's alleged breach in Washington, and thus Washington retains some interest in providing plaintiff a forum for redress.  Oregon also has an interest in resolving this controversy at "home."  Defendants operate a company headquartered in Oregon.  The rights of defendants' employees are governed by Oregon law by contract.  Accordingly, the Court finds that this factor is neutral.

## CONCLUSION

Weighing all of the above factors, the Court concludes that transfer of venue is appropriate.  Accordingly, the Court GRANTS the motion to transfer venue.  The Clerk of Court is directed to transfer this case to the United States District Court for the District of Oregon.

Dated this 7th day of November, 2013.

_MRT S Lasnik_
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO TRANSFER VENUE                    -8-